O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG, <br><br>Plaintiffs, <br><br>v. <br><br>FIX CAR NOW, INC.; CHANCE W. BROWN; and JAMES F. DAVIDSON, <br><br>Defendants. | Case No. 2:15-cv-8758-ODW-AFM <br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [32]** |

## I. INTRODUCTION

On November 10, 2015, Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively, "BMW") filed suit against Defendants Fix Car Now, Inc., Chance W. Brown, and James F. Davidson for trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and California's unfair competition law. Later that same day, BMW filed a First Amended Complaint ("FAC"), seeking the same relief as in its original Complaint. (ECF No. 11.) After Defendants failed to answer or otherwise respond to the FAC, BMW requested that the Clerk enter default as to each Defendant. BMW then filed the present Motion for Default Judgment against all Defendants on February 3, 2016. (ECF No. 32.) For the reasons discussed below, the Court accepts the allegations in BMW's FAC as true and **GRANTS** BMW's Motion for Default Judgment.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

Bayerische Motoren Werke AG, commonly known as BMW, or BMW AG, is known as a preeminent designer, manufacturer, distributor, and service provider of motor vehicles, parts, and other vehicular products. (FAC ¶¶ 2, 8, ECF No. 11.) BMW AG wholly owns the subsidiary BMW of North America, LLC ("BMW NA"). (*Id.* ¶ 1.) BMW NA is responsible for the wholesale distribution of BMW and MINI vehicles through the United States. (*Id.*) BMW AG is also the owner of BMW's signature "Roundel" logo and the MINI "Wings" logo, which are protected through at least nineteen federally registered trademarks. (*Id.* ¶ 12.) For example, BMW AG registered the BMW Roundel logo, U.S. Trademark Registration No. 613,465, on October 4, 1955 to protect the mark for use on automobiles, motorcycles, and their inclusive parts. (*Id.*) Likewise, BMW registered the MINI Wings logo, U.S. Trademark Registration No. 2,907,546, on December 7, 2004 to protect the mark for use on gloves, headwear, jackets, and shirts. (*Id.*)

BMW AG has licensed the Roundel and MINI Wings logos to BMW NA for use in connection with its business. (*Id.* ¶ 14.) BMW NA has used the Roundel logo in the United States since at least 1949 and has used the MINI Wings logo since at least 2002. (*Id.* ¶¶ 9–10.) BMW NA authorizes BMW dealerships to use the Roundel logo and MINI dealerships to use the MINI Wings logo in relation to the sale and service of its respective products. (*Id.* ¶ 15.) BMW also spends millions of dollars annually to promote its brands via advertising across the country. (*Id.* ¶ 17; Motion ("Mot.") 3, ECF No. 32.) BMW takes substantial steps to assure that these marks are displayed according to the company's quality standards. (FAC ¶ 16.) The Roundel logo and MINI Wings logo are thus considered distinctive marks among the American public. (*Id.* ¶ 17.)

Defendants Davidson and Brown are the owners of Defendant Fix Car Now, Inc., a California corporation that services and repairs automobiles, including BMW and MINI vehicles, in competition with BMW and its authorized dealers. (*Id.* ¶¶ 3–4.)

As BMW alleges, Defendants displayed BMW's Roundel logo on their banners and property, as well as both the Roundel and MINI logos on their website, without BMW's authorization. (*Id.* ¶ 18; *see also* FAC, Ex. A, ECF No. 11-1.) Defendants have never provided repair services for BMW NA or any of BMW AG's subsidiaries, affiliates, or authorized agents. (FAC ¶ 21.) Moreover, Defendants are not affiliated with or sponsored by BMW; nor have they been authorized by BMW to use BMW's Roundel logo or MINI Wings logo in any form. (*Id.* ¶ 22.)

BMW sent four letters, including two final warning letters and draft complaints, requesting that Defendants cease and desist displaying BMW's Roundel and MINI Wings logos. (*Id.* ¶ 19; *see also* Dec. 3, 2012 Declaration of Brent D. Sokol ("Sokol Decl."), Mot., ECF No. 32-2; Apr. 2, 2013 Sokol Decl., Mot., ECF No. 32-4; Mar. 5, 2014 Sokol Decl., Mot., ECF No. 32-6; Nov. 13, 2015 Sokol Decl., Mot., ECF No. 32-6.) Defendants did not comply with BMW's request and continued to use the Roundel and MINI Wings logos for their business (FAC ¶¶ 20, 25.)

On November 10, 2015, BMW filed this action against Defendants, alleging claims for: (1) trademark infringement, 15 U.S.C. § 1114; (2) false designation of origin, 15 U.S.C. § 1125(a); (3) unfair competition, Cal. Bus. & Prof. Code § 17200; and (4) trademark infringement and unfair competition under California common law. (FAC ¶¶ 27–46.)

After Defendants failed to answer, BMW requested an entry of default as to Davidson and Fix Car Now on January 7, 2016. (ECF Nos. 19–20.) BMW requested an entry of default as to Defendant Brown on February 1, 2016. (ECF No. 29.) The Clerk entered default as to Fix Car and Davidson on January 8, 2016 and as to Brown on February 2, 2016. (ECF Nos. 23, 30.) BMW subsequently filed the Motion at bar, which now stands for decision. (ECF No. 32.)

### III. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural requirements for default judgment set forth in Federal Rules of

Civil Procedure 54(c) and 55(a), as well as Local Rule 55-1. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against whom default was entered; (2) identification of the pleading entering default; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Federal Rules of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a). A district court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When moving for a default judgment, the well-pleaded factual allegations in the complaint are accepted as true, with the exception that allegations as to the amount of damages must be proved. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam); Fed. R. Civ. P. 54(c) ("[a] judgment by default shall not be different in kind or exceed in amount that prayed for in the [complaint]").

In exercising its discretion, a court must consider several factors (the *Eitel* factors), which include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. DISCUSSION

### A. Procedural Requirements

BMW has satisfied the procedural requirements under Federal Rules of Civil Procedure 54(c), 55(a), and Local Rule 55–1. The Clerk of the Court entered default against Defendants Fix Car Now, Inc. and Davidson on January 8, 2016 and Brown on February 2, 2016. (ECF Nos. 23, 30.) BMW also establishes that Defendants are not

minors or infants, incompetent persons, in military service or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597). (Feb. 3, 2016 Sokol Decl. ¶ 19, Mot., ECF No. 32-1.) BMW served Defendants with a notice of Motion for Default Judgment on February 3, 2016. (ECF No. 32.) Finally, BMW complies with Federal Rules of Civil Procedure 54(c) by requesting a remedy not different in kind from that prayed for in the Complaint. (FAC 17–18; Mot. 5–9.) Plaintiff has thus complied with the procedural prerequisites for entry of default judgment. *See PepsiCo Inc., v. Cal., Security Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (finding that the procedural requirements of Rule 55 and Local Rule 55-1 are met where plaintiffs address each required factor in their application for default judgment).

**B.** *Eitel* **Factors**

The Court finds that the *Eitel* factors weigh in favor of default judgment for the reasons discussed below.

**1. Factor 1: Possibility of Prejudice to Plaintiff**

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if default judgment is not entered. *Id.* at 1177. Defendants failed to appear and defend against BMW's allegations. Absent entry of default judgment, BMW will be without recourse, given Defendants' unwillingness to cooperate and defend. Because BMW will suffer prejudice in the absence of a default judgment, this factor weighs in favor of default.

**2. Factors 2 and 3: The Merits of the Plaintiff's Substantive Claim and the Sufficiency of the Complaint**

The second and third factors, which look to the merits of BMW's substantive claims and the sufficiency of the Complaint, also support entry of default judgment. BMW's FAC asserts four claims against Defendants: (1) trademark infringement, 15 U.S.C. § 1114; (2) false designation of origin, 15 U.S.C. § 1125(a); (3) unfair competition, Cal. Bus. & Prof. Code § 17200; and (4) common law claims for

trademark infringement and unfair competition.

### a. Trademark Infringement and Unfair Competition Claims

All four claims are premised on trademark infringement and rely on the same alleged course of conduct. A claim of trademark infringement may be brought against a defendant who, without the consent of the holder of the registered trademark, uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). To prevail on a claim for unfair competition under Section 43 of the Lanham Act (which addresses federal trademark law), a plaintiff must show that a defendant uses a word, term, name, symbol, device, or false designation of origin in commerce in connection with goods or services, and that such use "is likely to cause confusion or . . . mistake . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(A).

Infringement claims brought under 15 U.S.C. §§ 1114 and 1125 are subject to the same test: "[T]he critical determination is whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (internal quotations and citations omitted). To find a "likelihood of confusion," neither actual confusion nor intent is necessary. *See Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1998). BMW's state law unfair competition claims under Cal. Bus. & Prof. Code § 17200[2] and California common law similarly use the "likelihood of confusion" test. *See Dreamworks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 n.2 (9th Cir. 1998) (explaining that "under both the Lanham Act and state common law . . . the claims [are treated] as coextensive."); *see*

---

[2] Cal. Bus. & Prof. Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

*also M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1089–90 (9th Cir. 2005) (state law claims for unfair competition under California common law and Cal. Bus. & Prof. Code § 17200 are "substantially congruent to claims made under the Lanham Act") (internal quotation marks omitted).

Here, BMW alleges that Defendants continue to use BMW's Roundel logo and MINI Wings logo in connection with the service and repair of BMW- and MINI-brand motor vehicles, and without BMW's consent. (FAC ¶¶ 18, 22–23, 25.) The FAC alleges that BMW is the exclusive owner of both marks and that Defendants' unauthorized actions resulted in BMW's alleged injuries. (*Id.* ¶¶ 12–13, 17, 25, 31, 38, 41, 46.) BMW also alleges that Defendants' unauthorized use of the marks was both willful and deliberate (*Id.* ¶¶ 30, 36.) The FAC indicates that Defendants have used BMW's Roundel and MINI Wings logos on banners, buildings, and photographs posted on Defendants' company website, Facebook page, and internet listings, all without proper permission from BMW. (*Id.* ¶ 18l FAC, Ex. A.) Finally, the Court takes as true BMW's contention that Defendants' systematic and prolific use of its trademarks will likely cause consumer confusion. (FAC ¶¶ 28, 32, 40, 44.) If a consumer should see the recognizable Roundel or MINI Wings symbol atop a Fix Car Now sign, a reasonable consumer could presume that Fix Car Now's products come with the same standard of service, care, and prestige as those sold at authorized BMW dealers. Accordingly, the Court finds that each element of BMW's Lanham Act and common law claims for trademark infringement are satisfied. *Eitel* factors two and three thus weigh in favor of BMW.

### 3. Factor 4: Amount of Money at Stake

*Eitel*'s fourth factor looks at the sum of money at stake. *Forever 21, Inc. v. Nat'l Stores Inc.*, No. 2:12-CV-10807-ODW, 2014 WL 3898729, at *4 (C.D. Cal. Aug. 11, 2014). This factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). While the

allegations in the FAC are taken to be true for purposes of default judgment, courts must make specific findings of fact in assessing the amount of damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The Court has discretion to determine the amount of damages to be awarded. *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 712 (9th Cir. 1999). BMW does not seek money damages in this action. As discussed *infra*, BMW is only seeking a permanent injunction to prevent Defendants from further wrongful appropriation and use of BMW's Roundel logo and MINI Wings logo and its reasonable attorneys' fees. Therefore, this factor weighs in favor of BMW.

### 4. Factor 5: Possibility of a Dispute Concerning Material Facts

The next *Eitel* factor considers the possibility that material facts are in dispute. *PepsiCo*, 238 F. Supp. 2d at 1177; *Eitel*, 782 F.2d at 1471–72. As discussed above, BMW has adequately alleged the facts necessary to establish BMW's claims in its FAC. There appears to be no reasonable dispute since the Defendants have made no attempt to challenge the accuracy of the allegations it the FAC. Furthermore, BMW provided the Court with exhibits of the alleged trademark infringements bearing BMW's trademarks, which the Court accepts as true and accurate. (*See* Mot., Exs. 2–6.) With no information to contradict BMW's factual allegations, the Court sees no dispute of material fact and accordingly finds this factor weighing in favor of default.

### 5. Remaining *Eitel* Factors

The sixth factor considers whether Defendants' default was the result of excusable neglect. The Motion indicates that Defendants were properly served, provided notice of this litigation, and afforded the opportunity to address this matter out of court. (Mot. 2.) Defendants were given ample opportunity to respond, but instead chose to disregard all of BMW's communications. Accordingly, the sixth *Eitel* factor favors default judgment.

Lastly, the *Eitel* court maintained that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472. However, where, as in the

case at bar, a defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177 ("Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). Thus, because the defendants failed to appear and answer the FAC, the Court finds the seventh *Eitel* and final factor weighs in favor of granting default judgment.

## C. Remedies

BMW requests a permanent injunction and attorneys' fees and costs. (Mot. 5–9; FAC 17–18.) The relief sought is consistent with the relief requested in the FAC. (FAC 17–18.) Considering BMW's briefing and Motion for Default Judgment, the Court concludes that BMW is entitled to the relief sought.

### 1. Permanent Injunctive Relief

BMW seeks to permanently enjoin Defendants from engaging in any further trademark infringement, false designation, and unfair competition in connection with their use of BMW's Roundel logo and MINI Wings logo. (FAC 17; Mot. 5–6.) The Lanham Act gives the Court "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under [the Lanham Act]." 15 U.S.C. § 1116(a).

In order for the Court to grant a permanent injunction, BMW must demonstrate: (1) that it has suffered irreparable injury; (2) the remedies available at law are inadequate compensation; (3) a remedy in equity is warranted, considering the hardships imposed on the parties; and (4) that a permanent injunction would not be contrary to the public interest. *See Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 n.11 (9th Cir. 2006) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Here, BMW has demonstrated that injunctive relief is warranted. BMW would

1 suffer irreparable injury in the absence of a permanent injunction because of
2 Defendants' continued, unauthorized use of BMW's Roundel logo and MINI Wings
3 logo. Defendants' use undermines BMW's ability to control its reputation and
4 threatens the BMW brand's established goodwill. A plaintiff's loss of control over its
5 business reputation resulting from a defendant's alleged unauthorized use of its
6 protected mark during the pendency of an infringement action constitutes irreparable
7 harm. *See Kalologie Franchising LLC v. Kalologie Skinare Med'l Group of Cal.*, No.
8 CV 14-00016 DDP VBKX, 2014 WL 953442, at *5 (C.D. Cal. Mar. 11, 2014). BMW
9 also expends millions of dollars in advertising efforts throughout the country and
10 takes substantial steps to ensure that the marks are displayed according to its
11 standards. Furthermore, continuation of infringement despite notification establishes
12 irreparable injury. *See Sennheiser Elec. Corp. v. Eichler*, No. CV 12-10809 MMM
13 PLAX, 2013 WL 3811775, at *10 (C.D. Cal Jul. 19, 2013). BMW sent Defendants
14 multiple cease and desist letters, gave Defendants notice that it had filed a complaint
15 against them, and offered an opportunity to settle the litigation. (Feb. 3, 2016 Sokol
16 Decl. ¶¶ 2–8.) Defendants ignored these letters, as well as the filing of this action, and
17 their infringement continues. Because Defendants' failure to appear suggests that they
18 will continue to infringe on BMW's trademarks without judicial intervention, the
19 potential for future harm to BMW persists.

20 By the same token, traditional legal remedies are inadequate to redress
21 Defendants' continued infringement. BMW has lost control of its reputation, the
22 quality of services offered under its marks, and the goodwill associated with its marks.
23 BMW's injury will not be fully remedied by a monetary award, and Defendants will
24 continue to infringe unless enjoined by this Court. *See Deckers Outdoor Corp. v.
25 Ozwear Connection Pty Ltd.*, No. CV 14-2307 RSWL FFMX, 2014 WL 4679001, at
26 *13 (C.D. Cal. Sept. 18, 2014) (explaining that "even after receiving a statutory
27 damages award, Plaintiff's injury will not be fully remedied by a monetary award
28

1 because its injury is hard to compute and Defendants will continue their infringing
2 activity if not enjoined by the Court.").

3       Furthermore, the balance of hardships also favors BMW.  BMW will continue
4 to suffer injury from Defendants' ongoing infringement and will have no other
5 recourse if the Court does not grant the injunction, whereas Defendants will need only
6 to remove the trademarks from their websites, buildings, banners, and all other
7 materials in connection with its business to comply with the injunction.  Defendants
8 will not be prevented from conducting their usual business.  Finally, there is greater
9 public interest in protecting the rights of the trademark owner than in allowing
10 Defendants to continue using the trademarked logos in course of business.  "In
11 trademark cases, the public interest is the public's right not to be deceived or
12 confused."  *Warner Bros. Entm't, Inc. v. The Global Asylum, Inc.*, No. CV 12-9547
13 PSG CWX, 2012 WL 6951315, at *23 (C.D. Cal. Dec. 10, 2012).  A permanent
14 injunction favors the public interest because it will prevent consumer confusion.  The
15 Court therefore finds that BMW is entitled to a permanent injunction restraining
16 Defendants from further exploitation of BMW's registered marks.

17    **2. Attorneys' Fees and Costs**

18       Finally, BMW seeks attorneys' fees and costs. (Mot. 8–9; FAC 18.)  Under the
19 Lanham Act, attorneys' fees are appropriate in "exceptional cases."  15 U.S.C. §
20 1117(a).  "A trademark infringement is viewed as 'exceptional' under § 1117(a) when
21 the infringement is malicious, fraudulent, deliberate or willful."  *Rolex Watch*, 179
22 F.3d at 711.  Further, a court may also consider a defendant's failure to defend an
23 action in determining whether the defendant's conduct was willful for purposes of
24 attorneys' fees.  *See, e.g.*, *Moroccanoil, Inc. v. Allstate Beauty Prods., Inc.*, 847 F.
25 Supp. 2d 1197, 1204 (C.D. Cal. 2012); *see also Taylor Made Golf Co. v. Cartsen
26 Sports, Ltd.*, 175 F.R.D. 658, 663 (S.D. Cal. 1997) ("[A] case may be considered
27 'exceptional' where the defendant disregards the proceedings and does not appear.").
28 Here, BMW has pled willful infringement, and Defendants have failed to appear and

defend the action. The Court finds that attorneys' fees and costs are appropriate in this case.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** BMW's Motion for Entry of Default Judgment. (ECF No. 32.) It is **FURTHER ORDERED** that Defendants are directed to:

A. Within thirty (30) days of entry of this judgment, file and serve upon BMW a sworn statement setting forth in detail the manner and form in which they have complied with the terms of this injunction pursuant to 15 U.S.C. § 1116(a); and

B. In accordance with Section 36 of the Federal Trademark Act, 15 U.S.C. § 1118, deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising and promotional matter, electronic files, and other materials in the possession or control of defendants bearing BMW's Roundel logo and/or MINI Wings logo or any other marks owned by BMW, or any derivation or colorable imitations thereof.

**IT IS SO ORDERED.**

June 2, 2016

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**